IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Colwell, #184047,           ) | |
| ) | C/A No. 9:08-1828-HMH-PJG |
| Petitioner,           ) | |
| ) | |
| vs.           ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Broad River Correctional,           ) | |
| Institution           ) | |
| ) | |
| Respondent.           ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 31). The petitioner, John E. Colwell ("Colwell"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 33.) Colwell filed a response in opposition, (Docket Entry 35), to which the respondent timely filed a reply (Docket Entry 37). The motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Colwell was indicted in Sumter County for armed robbery (02-GS-43-96) and possession of a firearm during commission of a crime of violence (02-GS-43-96). Colwell was represented by Lauren B. Ferrari, Esquire, and on January 16, 2003 was tried by a jury and found guilty as charged. (App. at 162-64, Docket Entry 32-3 at 45-47.) The circuit court sentenced Colwell to life without

parole for armed robbery[1] and five years' imprisonment for possession of a firearm during commission of a crime of violence, to be served concurrently. (App. at 173, Docket Entry 32-3 at 58.)

Counsel for Colwell timely filed a direct appeal. On appeal, Colwell was represented by Tara S. Taggart, Esquire of the South Carolina Office of Appellate Defense. On February 5, 2004, Taggart filed an Anders[2] brief and a petition to be relieved as counsel, in which she raised the following issue:

> Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt[?]

(App. at 178, Docket Entry 32-3 at 61.) In addition, Colwell submitted a *pro se* brief in which he asserted and expanded upon the same issue raised in the Anders brief and also challenged the authentication of a photograph taken from the ATM's video surveillance. (Docket Entry 32-6.) The South Carolina Court of Appeals dismissed the appeal after Anders review. State v. Colwell, 2004-UP-380 (S.C. Ct. App. June 18, 2004); (see also App. at 184, Docket Entry 32-3 at 67). The remittitur was issued on July 20, 2004. (Docket Entry 32-7.)

Colwell then filed an application for post-conviction relief ("PCR"). (Colwell v. State of South Carolina, 04-CP-43-1381, App. at 186, Docket Entry 32-3 at 69.) He raised the following

---

[1]Because Colwell had a prior conviction for a most serious offense, he was sentenced to life without parole pursuant to S.C. Code Ann. § 17-25-45.

[2]Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



issues in his application: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) violation of Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (App. at 187, Docket Entry 32-3 at 70.) Along with his application, Colwell submitted a *pro se* brief in which he expanded on the issue of ineffective assistance of counsel and discussed twelve reasons that he believed his counsel was ineffective. (App. at 192-203, Docket Entry 32-3 at 75-86.) Colwell filed a Second Amended Application for Post-Conviction Relief[3] on September 19, 2005 in which he added additional contentions of ineffective assistance of counsel. (Docket Entry 32-8.)

On October 7, 2005, the PCR court held an evidentiary hearing at which Colwell was represented by Charles Brooks, Esquire. (App. at 214, Docket Entry 32-4 at 10.) The PCR court denied Colwell's application by order dated July 13, 2006. (App. at 258-65, Docket Entry 32-4 at 54-61.) Counsel for Colwell timely filed a Notice of Appeal. On appeal, Colwell was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On March 9, 2007, Carter filed a Johnson[4] Petition and a request to be relieved as counsel, in which she raised the following issue:

> The PCR court erred in denying petitioner's claim that counsel erred in handling the hearsay issue in the case.

(Docket Entry 32-11.) In addition, Colwell submitted a *pro se* brief in which he asserted the same issue as the Johnson brief and also asserted that "[t]he PCR court erred in denying petitioner[']s claim that counsel failed to address the illegal seizure issue for the initial charge of public drunk."

---

[3]Colwell previously filed an Amended Application for Post-Conviction Relief on August 30, 2005, (App. at 212-13, Docket Entry 32-4 at 8-9), but he withdrew this application within his Second Amended Application.

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



(Docket Entry 32-12.)  The South Carolina Supreme Court denied Colwell's petition for a writ of certiorari and issued a remittitur on February 8, 2008.  (Docket Entries 32-14, 32-15.)

In Colwell's petition for a writ of habeas corpus, he raises the following claims:

**Ground One:**  Ineffective Assistance of Trial Counsel
> **Supporting Facts:** Counsel failed to request in camera hearing contesting tainted suggestive out of court identification. Counsel failed to object and seek suppression of out of court show up identification conducted at applicant's bond hearing as being suggestive; counsel failed to object to the tainted in-court identification; counsel failed to object to the admission of hearsay testimony and the denial of confrontation and cross examination of statement offered by a non-testifying declarant; counsel failed to object to the admission of (ATM) video and photograph at trial; it's [sic] authentication, its chain of custody and Fourth, Fifth and Sixth Amendment Rights. Counsel failed to show that identification was fruit of earlier poisioness [sic] tree, that identification doesn't have an independent source!

**Ground Two:**  Ineffective Assistance of Appellate Counsel
> **Supporting Facts:** Failure to present issues on appeal, counsel failed to preserve material issues for review, counsel prepared an Anders brief counsel abandoned several key issues regarding identification, detention, and arrest.

**Ground Three:**  Violation of Fourth Amendment Right
> **Supporting Facts:** Applicant was arrested by law enforcement (initially) for public drunk[.] The initial arrest was and [sic] unlawful seizure as the applicant had not violated the S.C. Code of Laws governing the offense. The initial encounter was for the arm robbery. Applicant was arrested after identification show up failed. There was no evidence to support claim, and [sic] abuse of discretion.

**Ground Four:**  Violation of Sixth Amendment Right
> **Supporting Facts:**  Violation of Applicant's Sixth Amendment Right to counsel during his request for trial on the public drunk offense. The court for the (public drunk) offense lacked jurisdiction to issue punishment without the appointment of counsel or waiver, Applicant made numerous request[s] for the appointment of counsel, Applicant even inform Judge Mrs. K. Herbert that officers of the Sumter County jail was [sic] willing to testify that the night of arrest Applicant wasn't under the influence.

**Ground Five:** Violation of Fifth Amendment Rights
**Supporting Facts:** Petitioner was subjected to additional show identification after being in custody[.] Failure to inform accused of his right against self-incrimination at accused bond hearing[.] An accused is constitutionally guaranteed counsel at an in custody line up identification. The Applicant was not advised of his right against self incrimination nor was he advised of his right to counsel during any line up identification after he was in custody.

**Ground Six:** Chain of Custody and Authentication of ATM Video
**Supporting Facts:** The State has not established a practical chain of custody of the video tape which was a critical item use[d] to convict Applicant. Detective Sims testified he obtained the video tape from a machine located on Broad Street and Salem Avenue Tr.Pg.108[.] [H]e later testified he obtained the tape from the Safe Federal Credit Union. Tr.Pg. 112[.] A review of the evidence sheet indicates the detective had possession of the tape days before it was documented in evidence on November 12, 2001. Here, the chain is not complete and does not negate the possibility of tampering. There is a missing link in the chain of possession of the video tape, as Sims has [] not identified dates and accurate possessions [sic] of the tape to prevent possibility of tampering, nor can possibility of tampering be negated due to lack of authenticity of the times displayed on the tape, the dates displayed on the tape creates sufficient suspicion regarding its authenticity, Peyton could in no way authenticate the dates displayed on the tape in order to satisfy the requirement permitting it's [sic] admission.

(See Pet., Docket Entry 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.    Habeas Corpus Standard of Review**

    **1.         Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light



of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**C.**     **Respondent's Motion for Summary Judgment**

   **1.**     **Ground One**

      **I.**     **Procedural Bar**

Colwell's first ground for relief is ineffective assistance of trial counsel. He bases this ground on several claims. Specifically, Colwell alleges that his counsel was ineffective because he failed to (1) request an *in camera* hearing to contest a tainted, suggestive, out-of-court identification; (2) object and move to suppress an out-of-court showup identification conducted at the petitioner's bond hearing; (3) object to a tainted in-court identification; (4) object to the admission of hearsay testimony and the denial of his right to confront and cross-examine a statement offered by a non-testifying declarant; (5) object to the admission of an ATM video and photograph at trial based on its authentication, chain of custody, and the petitioner's Fourth, Fifth, and Sixth Amendment rights; (6) show that the identification was the "fruit of earlier poisonous tree." Colwell raised all of these arguments in his PCR applications; however, the PCR court did not rule upon all of these claims. Specifically, the PCR court ruled only on Colwell's claim of ineffective assistance of counsel based on trial counsel's failure to object to the hearsay testimony given by the victim that a co-worker in the store identified Colwell as a perpetrator of the crime.[5]

In Colwell's response to the motion for summary judgment, he attaches a Motion to Alter or Amend the Judgment of the PCR court to rule on each and every allegation of ineffective assistance of counsel. However, this motion, dated August 1, 2006, was not properly before the PCR

---

[5] The PCR court also ruled on Colwell's claim of ineffective assistance of counsel based on trial counsel's failure to object to (1) the prosecution's peremptory strikes of potential jurors and (2) the introduction of a wig, clothing, and money found in close proximity to where Colwell was taken into custody. However, Colwell did not raise these issues in the instant federal habeas petition.



court.  Colwell's PCR counsel filed a Notice of Appeal of the PCR court's order with the South Carolina Supreme Court on July 19, 2006.  The Notice of Appeal also stated that counsel received the PCR order on July 19, 2006.  Once the notice of appeal was filed, the PCR court no longer had jurisdiction over this matter, as it transferred to the South Carolina Supreme Court.  See Rule 205, SCACR.  Moreover, by letter dated November 13, 2006, the Clerk of the South Carolina Supreme Court informed Colwell's PCR appellate counsel that Colwell's "*pro se* Rule 52 and 59, SCRCP, motion . . . appears to be untimely" and that the court had not granted Colwell leave to file a motion under Rule 60(b), SCRCP.[6]  (Docket Entry 38-2); see also Al- Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000) (holding that a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order").  Therefore, the only claim of ineffective assistance of counsel that is raised in Colwell's federal habeas petition that was preserved for review by the South Carolina appellate courts on appeal is Colwell's claim of ineffective assistance of counsel based on trial counsel's failure to object to the hearsay testimony given by the victim that a co-worker in the store identified Colwell as a perpetrator of the crime.  See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment).  Colwell's other claims pertaining to ineffective assistance of counsel are procedurally barred from federal habeas corpus review, as Colwell has not properly exhausted these claims and the merits of these claims would be found to be procedurally defaulted (or barred)

---

[6]Further, since Colwell was represented by counsel during his PCR hearing and his PCR appeal, any motions filed on his behalf would have to be filed by his counsel.  (See Docket Entry 38-2); State v. Stuckey, 508 S.E.2d 564, 564 (S.C. 1998) ("Since there is no right to hybrid representation, substantive documents filed *pro se* by a person represented by counsel are not accepted unless submitted by counsel.").



under independent and adequate state procedural rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437. Colwell has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750.

### ii.     Trial Counsel's Failure to Object to Hearsay Testimony

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, Colwell must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in her representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Colwell must show that trial counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Colwell "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).



At the PCR hearing, Colwell asserted that trial counsel should have objected to the hearsay testimony given by the victim that a co-worker in the store identified Colwell as a perpetrator of the crime. The PCR court denied this claim of ineffective assistance of counsel, concluding that there was substantial circumstantial evidence indicating Colwell's guilt. Specifically, the PCR court found that "[a]t that very least the testimony of the co-worker was cumulative to other identifications made by the victim. At the very worst, the failure of trial counsel to object was not prejudicial in view of the circumstantial evidence." (App. at 262, Docket Entry 32-4 at 58.)

Colwell argues that the alleged hearsay statement was extremely prejudicial because this evidence was vital to the State's case against him and he was denied the opportunity to confront and cross-examine the co-worker. However, there is no evidence in the record that Colwell was in fact prejudiced as a result of his counsel's alleged failure to object to this testimony. As noted by the PCR court, this alleged hearsay statement was cumulative to the victim's testimony. (See App. at 262, Docket Entry 32-4 at 58.) The victim testified that she identified Colwell as the perpetrator on two prior occasions. She first identified Colwell at the store showup shortly after the robbery.[7] (App. at 46, 53, Docket Entry 32-2 at 48, 55.) The victim's second identification of Colwell was at the bond hearing approximately a week later. (App. at 46-47, Docket Entry 32-2 at 48-49.)

Moreover, a review of the record reveals that this alleged hearsay statement was discredited by the testimony of Detective Holston who was present during the showup identification. Detective Holston testified that during the showup, the victim's co-worker clerk could not positively identify

---

[7]The identification made at the showup was done at the same time that the other clerk made the statement subject to the hearsay challenge. (App. at 53, Docket Entry 32-2 at 55.) The victim identified Colwell, who was outside the store, from inside the store, while the co-worker identified Colwell from outside of the store. (Id.)



Colwell as the robber.[8]  (App. at 85, 100, Docket Entry 32-2 at 87, 102.)  Further, the State did not mention the victim's co-worker and whether or not that clerk may or may not have identified Colwell as the robber in its closing argument.  (App. at 129-38, Docket Entry 32-3 at 12-21.)

As stated above, the PCR court determined that the alleged hearsay statement was cumulative to the victim's testimony at the very least, and at the very worst, counsel's failure to object to the hearsay statement was not prejudicial in view of the circumstantial evidence.  Thus, Colwell has not demonstrated that he was prejudiced as a result of his counsel's alleged deficiency and, therefore, he cannot satisfied the second prong of Strickland.  Colwell has not presented any evidence to demonstrate a reasonable probability that the result of the proceeding would have been different if his counsel had objected to the hearsay statement.  Strickland, 466 U.S. at 694.  Further, none of the presumptively prejudicial factors are present in this matter.  See Cronic, 466 U.S. at 659.  Moreover, Colwell has not shown that the PCR court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See Williams v. Taylor, 529 U.S. at 410.  Therefore, Colwell is not entitled to federal habeas relief on this ground.

**2.     Ground Two**

Colwell's second ground for relief is "Ineffective Assistance of Appellate Counsel." Specifically, Colwell contends that his appellate counsel on direct appeal failed to preserve material

---

[8] The respondent also submits that the testimony of Detective Sims further discredits the hearsay testimony of the victim. The respondent asserts that Detective Sims indicated in his testimony that the victim's co-worker may have partially identified Colwell, but he was not allowed to testify further on the matter pursuant to a hearsay objection. However, the court is unable to verify this statement due to the fact that Detective Sims's testimony is partially redacted in the hearing transcript submitted with the respondent's motion for summary judgment. (App. at 120, Docket Entry 32-3 at 3.)



issues for review. A defendant has a constitutional right to the effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). To demonstrate ineffective assistance of appellate counsel, Colwell must satisfy the same two-prong test discussed in the preceding section which was enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). As stated above, Strickland requires Colwell to show that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Strickland, 466 U.S. at 687.

Here, to satisfy the test enunciated in Strickland, Colwell must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citation omitted). There is a "'presumption that [appellate counsel] decided which issues were most likely to afford relief on appeal.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as 'there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Id. (quoting Jones v. Barnes, 463 U.S. 745, 752 (1983)).

Colwell alleges that his appellate counsel "abandoned several key issues regarding identification, detention, and arrest." (Pet., Docket Entry 1 at 6.) The PCR court denied Colwell's claim for ineffective assistance of appellate counsel, finding that "the Applicant cannot satisfy either requirement of the Strickland v. Washington test with regard to the ineffectiveness claims against appellate counsel." (App. 263, Docket Entry 32-4 at 59.) This finding by the PCR court does not



constitute an unreasonable application of clearly established federal law. See Williams v. Taylor, 529 U.S. at 410. First, there is no indication that Colwell's appellate counsel's representation was deficient. Colwell has failed to demonstrate that the issues regarding identification, detention, and arrest were properly presented at trial to be preserved for appeal. Accordingly, appellate counsel was procedurally barred from raising these issues on appeal. See Mizell v. Glover, 570 S.E.2d 176, 180 (2002) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court.").

Moreover, the court notes that appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). (App. at 178, Docket Entry 32-3 at 61.) Anders requires the appellate court to conduct an independent and complete examination of the trial record to determine if there are any meritorious issues for appeal. Anders, 386 U.S. at 744. In Colwell's case, appellate counsel and the state appellate court applied this procedure, and the case was dismissed. (See App. at 184, Docket Entry 32-3 at 67.) Therefore, to the extent that these issues were preserved for appellate review, the state appellate court would have been required to review them before dismissing his case. Therefore, Colwell cannot demonstrate any prejudice due to his appellate counsel's failure to raise these issues.

For all of these reasons, Colwell is not entitled to federal habeas relief on this ground.

3.     **Grounds Three, Four, Five, and Six[9]**

In Grounds Three, Four, Five, and Six, Colwell alleges a violation of his Fourth, Fifth, and Sixth Amendment rights. He also challenges the chain of custody and authentication of an ATM video. These issues were not raised at trial or in Colwell's direct appeal. Thus, these issues were

---

[9]While Colwell raised these grounds in his Petition, he did not address them in his response to the respondent's motion for summary judgment.



not preserved for appellate review. As a result, these claims would not have been reviewed by the appellate court in reviewing Colwell's Anders brief. While Colwell appears to have raised some of these issues in his PCR application, the PCR judge properly did not rule on them as freestanding claims. See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Thus, because Colwell has not properly exhausted these claims and has not demonstrated sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review. Accordingly, Colwell's third, fourth, fifth, and sixth grounds for relief do not warrant habeas corpus relief.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 31) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).