IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John E. Colwell, #184047, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:08-1828-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Broad River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] John E. Colwell ("Colwell") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment. Colwell filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondent's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Colwell is currently incarcerated at Broad River Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On January 16, 2003, Colwell was found guilty

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

after a jury trial of armed robbery and possession of a firearm during the commission of a violent crime. Colwell was sentenced to life imprisonment without parole for the armed robbery offense and five years' imprisonment for the possession of a firearm during the commission of a violent crime offense, to be serve concurrently. Colwell was represented at trial and sentencing by Lauren Ferrari ("Ferrari"). Colwell filed a timely direct appeal. On appeal, Colwell was represented by Tara Taggart ("Taggart"). On February 5, 2004, Taggart filed an Anders brief and petition to be relieved as counsel. Colwell submitted a pro se brief raising an additional claim challenging the authentication of a photograph taken from the ATM's video surveillance. The South Carolina Court of Appeals dismissed the appeal after Anders review.

On November 12, 2004, Colwell filed an application for post-conviction relief ("PCR") raising the following grounds in his application: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (Resp't Mem. Supp. Summ. J. (App. at 187).) Colwell filed a second amended application for PCR on September 19, 2005, raising two additional claims: "(1) ineffective assistance of counsel [because] trial counsel failed to object to the admittance of [Colwell's] 'mug shot' photo because the act itself was prejudicial [and] (2) counsel failed to object to the Solicitor's comments regarding [Colwell's] arrest for public intoxication." (Id. Ex. 5 (Second Amended PCR Application).) On October 7, 2005, the PCR court held an evidentiary hearing at which Colwell was represented by Charles Brook ("Brook"). The PCR court denied Colwell's application by order dated July 13, 2006. Colwell filed a timely appeal. On appeal, Colwell was represented by Wanda Carter ("Carter").

On March 9, 2007, Carter filed a Johnson petition and a request to be relieved as counsel, raising one issue: the PCR court incorrectly denied Colwell's claim that counsel erred in handling the hearsay issue in the case. (Resp't Mem. Supp. Summ. J. Ex. 8 (Johnson Petition 2).) In addition, Colwell submitted a pro se brief asserting the following additional issue: "The PCR court erred in denying petitioners claim that counsel failed to address the illegal seizure issue for the initial charge of public drunk [sic]." (Id. at Ex. 9 (Pro Se Response to Johnson Petition 2).) The South Carolina Supreme Court denied Colwell's petition for writ of certiorari on February 8, 2008.

Colwell filed the instant § 2254 petition on May 6, 2008,[2] raising the following grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) violation of Fourth Amendment rights; (4) violation of Sixth Amendment rights; (5) violation of Fifth Amendment rights; and (6) improper chain of custody and authentication of ATM video. (Colwell § 2254 Pet. 6-12.) Respondent filed a motion for summary judgment on November 12, 2008. Colwell filed a memorandum in opposition to Respondent's motion for summary judgment on December 17, 2008. Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment because the claims raised in Colwell's petition are either procedurally defaulted or without merit. (Report and Recommendation, generally.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

4

As "a determination of a factual issue made by a State court shall be presumed to be correct," Colwell has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Colwell's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because the claims raised in Colwell's petition are either procedurally defaulted or without merit.

(Report and Recommendation, generally.)  Further, the magistrate judge submits that Colwell has failed to show cause or prejudice to excuse his procedural default.

Colwell filed objections to the Report and Recommendation.  After review, however, the court finds that many of Colwell's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims.  However, the court was able to glean three specific objections.  Colwell objects to the magistrate judge's conclusion that (1) the ineffective assistance of counsel claims are procedurally barred; (2) the hearsay statement is cumulative in light of the totality of the victim's testimony; and (3) Colwell's Fourth, Fifth, and Sixth Amendment claims are not procedurally defaulted.  (Objections, generally.)

The magistrate judge concluded that all but one of Colwell's ineffective assistance of counsel claims raised in his § 2254 petition are procedurally barred.  Colwell objects arguing that his ineffective assistance of counsel claims are not procedurally barred.  Colwell alleges that his trial counsel was constitutionally ineffective because she failed to:  (1) request an in camera hearing to contest a tainted, suggestive out-of-court identification; (2) object and move to suppress an out-of-court show-up identification conducted at the Petitioner's bond hearing; (3) object to a tainted in-court identification; (4) object to the admission of hearsay testimony and the denial of his right to confront and cross-examine a statement offered by a nontestifying declarant; (5) object to the admission of an ATM video and photograph at trial based on its lack of authentication, chain of custody, and the Petitioner's Fourth, Fifth, and Sixth Amendment rights; and (6) show that the identification was the "fruit of earlier poisonous tree." (Colwell § 2254 Pet. 6.)  Colwell raised all of the aforementioned ineffective assistance claims in his PCR application; however, the PCR court did not rule on all of the claims.  Of the ineffective

assistance of counsel claims raised in Colwell's § 2254 petition, the PCR court only directly ruled on the ineffective assistance of counsel for failure to object to hearsay testimony claim. As to the remaining allegations, the court held that "this Court finds that [Colwell] failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that [Colwell] waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice." (Resp't Mem. Supp. Summ. J. (App. at 264).)

Because the PCR court failed to make specific findings, Colwell was required to file a timely Rule 59(e) motion requesting that the PCR court make specific findings on all of his claims raised in his PCR application. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."). Following the denial of his PCR application, Colwell did not file a timely Rule 59(e) motion to preserve his remaining claims for review. As such, Colwell's remaining claims for constitutionally ineffective assistance of counsel are procedurally barred from habeas corpus review. See Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000) ("After a hearing, the PCR court grants or denies relief by issuing a written order containing findings of fact and conclusions of law. Either party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order.") (internal citation omitted).

Further, to the extent the PCR court ruled on the remaining ineffective assistance of counsel issues, Colwell failed to raise the claims in his PCR appeal.[3] "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Colwell's procedural default may be excused only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Based on the foregoing, Colwell has not established cause for the default and his objection that this claim is not procedurally defaulted is without merit.

Next, Colwell objects to the magistrate judge's finding that Colwell's trial counsel was not constitutionally ineffective for failing to object to hearsay testimony because the hearsay testimony was cumulative to the victim's testimony. The victim testified that a coworker in the store identified Colwell as the perpetrator of the crime. (Resp't Mem. Supp. Summ. J. (App. at 55).) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Colwell must demonstrate that his counsel's performance fell below an

---

[3] As discussed above, in addition to the ineffective assistance of counsel for failure to object to hearsay testimony claim, Colwell raised one other claim in his PCR appeal: "The PCR court erred in denying petitioners claim that counsel failed to address the illegal seizure issue for the initial charge of public drunk [sic]." (Resp't Mem. Supp. Summ. J. Ex. 9 (Pro Se Response to Johnson Petition 2).)

objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Colwell must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

    The PCR court denied this claim, explaining,

> a close reading of the transcript reveals that the victim herself identified [Colwell] on two occasions, although she freely acknowledged that she was unable to pick him out from a line-up. Additionally, there was substantial circumstantial evidence indicating his guilt. At the very least, the testimony of the co-worker was cumulative to other identifications made by the victim. At the very worst, the failure of trial counsel to object was not prejudicial in view of the circumstantial evidence. Trial counsel further testified that [Colwell] confessed that he committed the crime at a polygraph test.

(Resp't Mem. Supp. Summ. J. (App. at 262).) As the PCR court and magistrate judge explained, the victim testified on two occasions that she identified Colwell as the perpetrator. Id.; (Report & Recommendation 11). The victim first identified Colwell at the store shortly after the robbery. Approximately one week later, the victim identified Colwell as the perpetrator for a second time at his bond hearing. (Resp't Mem. Supp. Summ. J. (App. at 46-47).) Moreover, as the magistrate judge explains, the prosecutor did not mention that the victim's coworker identified Colwell as the robber in the closing argument. (Report & Recommendation 12.) Colwell has failed to produce any evidence to demonstrate that the PCR court unreasonably

applied state law in finding that trial counsel was not constitutionally ineffective for failing to object to hearsay testimony. Therefore, Colwell's objection is without merit.

Lastly, Colwell objects to the magistrate judge's finding that his Fourth, Fifth, and Sixth Amendment claims are procedurally defaulted.[4] Grounds three, four, and five of Colwell's § 2254 petition allege violations of his Fourth, Fifth, and Sixth Amendment rights based on an alleged unlawful seizure during his initial arrest, failure to receive counsel for his "public drunk [sic] offense," and failure to be advised of his self-incrimination rights while in police custody. (Colwell § 2254 Pet., generally). These issues, however, were not raised during trial or Colwell's direct appeal. As such, the issues were not preserved for appellate review. While Colwell raised some of these issues in his PCR application, the PCR judge did not directly rule on the issues. Furthermore, Colwell cannot raise issues in a PCR application that were not raised at trial or on direct appeal. See Drayton v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993). Colwell has not presented any evidence to demonstrate cause or prejudice or that a fundamental miscarriage of justice will occur by failing to consider these claims. Accordingly, these claims are procedurally defaulted and Colwell's objection is without merit.

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

---

[4] Colwell appears to argue that his Fourth, Fifth, and Sixth Amendment claims "are based on ineffective assistance of counsel." However, in his § 2254 petition, he clearly sets out three independent grounds based on alleged violations of the Fourth, Fifth, and Sixth Amendments. Moreover, to the extent that he has raised ineffective assistance claims relating to the Fourth, Fifth, and Sixth Amendments, those claims are procedurally barred as discussed above.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 31, is granted, and Colwell's § 2254 petition is dismissed.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
June 18, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.